UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER DRACOOULOUS, et al.,<br><br>Defendants. | Case No. 21-cv-09623-LB<br><br>**ORDER RE JURISDICTIONAL ISSUE** |

The appearing parties have filed a stipulation to priority that probably is substantive. The appearing parties have all consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[1] The County of San Francisco has not appeared, and the Clerk of Court has entered its default.[2]

28 U.S.C. § 636(c) allows a case to be assigned to a magistrate judge "[u]pon the consent of the parties," and this has been interpreted to require the consent of all of the named parties, including ones that have not been served. *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). Usually, when a party does not consent to magistrate-judge jurisdiction, the court orders the case to be reassigned to a district judge unless it can sever the non-appearing party under Federal Rule of Civil Procedure 21. Rule 21 states that "[o]n motion or on its own, the court may at any time,

---

[1] Consents – ECF Nos. 7,10, 12. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Executed Summons – ECF No. 17; Entry of Default – ECF No. 29.

ORDER – No. 21-cv-09263-LB

on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The court may sever the claims against a party in the interest of fairness and judicial economy and to avoid prejudice, delay or expense, and has broad discretion in determining when severance is appropriate." *Ramos v. Ramos*, No. 5:14-cv-04713-PSG, 2016 WL 631993, at *2 (N.D. Cal. Feb. 17, 2016) (cleaned up), *aff'd*, 691 F. App'x 487 (9th Cir. 2017).

In two circumstances, the court has severed non-appearing parties. The first is when a party does not have the ability to consent or defend itself in litigation. An example is a defunct corporation in California, which under California law, lacks the capacity to prosecute or defend an action. *Miller v. Wholesale Am. Corp., Inc.*, No. 27-cv-05495-LB, 2018 WL 306714, at *4 (N.D. Cal. Jan. 5, 2018). The second is with a defaulting defendant. *Doe v. Dinnis*, No. 18-cv-05393-DMR, 2020 WL 05393, at *1 (N.D. Cal. Feb. 24, 2020) (showing this process, which is the practice of the magistrate judges in this district).

In either case, any severed defendant is assigned to a separate but related case with a new case number and remains assigned to the undersigned. No additional filing fee is required. The main case moves forward, and the undersigned decides substantive issues, including motions and other matters involving merits issues (as opposed to merely procedural ones). With respect to the new case for defaulting defendants, the court retains jurisdiction to address issues even if the defaulting defendants do not appear, either directly (if there is a dismissal) or by way of a report and recommendation (for any default-judgment motion) at the end of the case that would be reviewed by a district judge.

Here, the court can sever the County under Rule 21 into a new case if the parties agree to that process. The court asks the parties to confer and to submit a joint updated statement as soon as is practicable, preferably by tomorrow. The other issue is that the court is curious about why the County has not appeared. It seems unusual, but maybe (as it was in another case) the County does not have an interest in the tax case. The parties can address the issue in the joint statement.

**IT IS SO ORDERED.**

Dated: April 20, 2022

_____
LAUREL BEELER
United States Magistrate Judge